IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50923
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

VERSUS

HILLIARD LEE GOODLEY, III;
ARANDAL DERRICK GOODLEY,

                                    Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. MO-97-CR-50-4
--------------------

September 23, 1999

Before JOLLY, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Arandal Derrick Goodley (hereinafter "Derrick") and Hilliard Lee Goodley, III (hereinafter "Hilliard"), appeal their convictions and sentences for various drug and money-laundering offenses, including conspiracy, and for possession of an unregistered firearm.[2]  Derrick argues (1) that a fatal variance existed between the indictment and the proof at trial, (2) that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]  The motion to withdraw as counsel filed by David Rogers is GRANTED.

the district court abused its discretion when it admitted the Government's organizational chart into evidence, (3) that his mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) violated his rights under the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution, and (4) that his trial was rendered fundamentally unfair by cumulative trial error.

Derrick's arguments are unavailing. Based on the testimony adduced at trial, a reasonable jury would not have been precluded from finding a single conspiracy beyond a reasonable doubt. See United States v. Morris, 46 F.3d 410, 414-17 (5th Cir.1995). The district court did not abuse its discretion in admitting the Government's organizational chart into evidence. See United States v. Brewer, No. 94-60565, slip op. at 8-9 (5th Cir. June 30, 1995)(unpublished; copy attached).[3] Even if it could be said that the admission of the chart was error, it was most assuredly harmless error given the district court's limiting instruction at the outset of the trial, the overwhelming evidence of guilt, and the fact that the jury acquitted Hilliard Goodley on the drug-conspiracy count and another codefendant, Carey Goodley, on all counts. See United States v. Winn, 948 F.2d 145, 151, 157-59 (5th Cir. 1991); United States v. Jennings, 724 F.2d 436, 442 (5th Cir. 1984). Nor was Derrick's mandatory life sentence under § 841(b)(1)(A) constitutionally infirm. Derrick has waived his Fifth Amendment challenge to his sentence by failing to brief it

---

[3] Brewer is precedential because it was decided before January 1, 1996. See 5th Cir. R. 47.5.3.

adequately. See United States v. Flores, 63 F.3d 1342, 1374 n.36 (5th Cir. 1995). Derrick's Eighth Amendment claim is foreclosed by circuit precedent, see United States v. Fisher, 22 F.3d 574, 579-80 (5th Cir. 1994), and his claim of ineffective assistance of counsel at sentencing is inappropriate for consideration on direct appeal. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Finally, Derrick's trial was not rendered fundamentally unfair by cumulative trial error. See United States v. Powers, 168 F.3d 741, 754 (5th Cir. 1999).

Hilliard argues (1) that the district court erred in finding that he had breached his plea agreement by failing to cooperate truthfully and (2) that the district court clearly erred in enhancing his offense level for obstruction of justice. Hilliard's arguments are likewise unavailing. The district court's finding that Hilliard failed to provide the Government with truthful information during his debriefings was plausible in light of the trial testimony of Freddie Goodman and Patricia Miller and, therefore, was not clearly erroneous. See United States v. Castaneda, 162 F.3d 832, 836 n.24 (5th Cir. 1998); United States v. Ballis, 28 F.3d 1399, 1409 (5th Cir. 1994). Moreover, the district court did not clearly err in enhancing Hilliard's offense level for obstruction of justice given the different standards of proof governing trials and sentencing proceedings. See Powers, 168 F.3d at 752-53; see also United States v. Sotelo, 97 F.3d 782, 799 (5th

Cir. 1996)(stating that credibility determinations at sentencing are peculiarly within the province of the trier-of-fact).[4]

MOTION TO WITHDRAW GRANTED.  AFFIRMED.

---

[4]  Relying on Fed. R. App. P. 28(i), Hilliard states that he "adopts by reference all relevant issues presented for review" in Derrick's appellate brief.  Most, if not all, of the issues raised in Derrick's brief involve fact-specific challenges which are inappropriate for adoption under Rule 28(i).  See United States v. Alix, 86 F.3d 429, 434 n.2 (5th Cir. 1996).  The only issue of Derrick's which conceivably could be adopted by Hilliard is the issue pertaining to the admission of the organizational chart.  To the extent that the issue has been properly adopted by Hilliard, our holding on that issue in regard to Derrick applies equally to Hilliard.  See id.